## Richardson *versus* Aiken.

1. Where a father, being indebted to his married daughter in a certain sum, conveyed certain real estate, in consideration of said sum and of natural love and affection, to her as her separate estate, it not appearing that the property was worth more than the consideration money named: *Held,* that the grantee took and could convey a good and marketable title in fee simple.

2. Whether, if the deed had been a voluntary settlement, it would have created a sole and separate estate in the daughter, not decided.

November 7th 1883.  Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas No. 1 of *Allegheny county :* Of October and November Term 1883, No. 175.

Covenant, by James H. Aiken, and Margaret, his wife, in her right, against William P. Richardson.  The parties agreed upon a case stated, as follows :

Margaret E. Aiken, plaintiff in this case, was the daughter of Jehu P. Smith, now deceased, formerly of Sewickley borough, Allegheny county, Pa.  Some time prior to the month of September 1877, her said father, Jehu P. Smith, became the owner of a lot of ground, situate in the borough of Sewickley, on which he had erected a two-story frame dwelling-house, and more particularly hereafter described.  At some time previous to this, said Jehu P. Smith had got into his possession about $1,300 belonging to his said daughter Margaret, that had come to her from the estate of her deceased mother, first wife of the said Jehu P. Smith, who had died while the daughter was still in her infancy.

On September 27th 1877, said Margaret having in the meantime been intermarried with the co-plaintiff, James H. Aiken, and having reached the age of majority, said Jehu P. Smith, with his second wife, Lina E. Smith, conveyed to the said Margaret E. Aiken the lot of ground aforesaid. . . . In this deed of conveyance, after the date and names of the parties, it is set forth, that the parties of the first part (that is, Jehu P. Smith and wife) : "in the consideration of the sum of thirteen hundred dollars, balance due said Margaret E. Smith, from Jehu P. Smith, her guardian, and of natural love and affection,"—Convey. &c., &c., to the party of the second part (that is, Margaret E. Aiken), her heirs and assigns : "*as the separate estate of said Margaret E. Aiken,*"—these last recited words in italics being written with pen and ink, in the body of the (otherwise mostly printed) deed.  Then follows the description of the property, and the phraseology usually printed in deeds, to the habendum clause, which is as follows :

[Richardson *v.* Aiken.]

" To have and to hold the said land and building, hereditaments and premises hereby granted or mentioned, and intended so to be, with the appurtenances, unto the said party of the second part, her heirs and assigns, for the only proper use and behoof of the said party of the second part, her heirs and assigns, forever, *as the separate estate of said Margaret E. Aiken.*" These last recited words in italics being written with pen and ink in the body of the deed.    Then follows the usual (special) warranty and the signatures of Jehu P. Smith and his wife. Thereupon a receipt for $1,300, and the usual acknowledgment, in proper form.

On February 19th 1883, said James H. Aiken and wife, plaintiffs in this case, entered into an agreement under seal, with the defendant, William P. Richardson, . . . . by which they agreed to convey to the said defendant the lot of ground aforesaid, for the sum of four thousand three hundred and fifty dollars. . . . On March 1st 1883, the plaintiffs tendered to the defendant a duly executed deed of conveyance of said lot of ground, and made demand of the purchase money due, according to the terms of said agreement, . . . . but said defendant refused to accept the same, alleging that under the facts hereinbefore stated, the plaintiffs are not seised of an alienable estate in said lot of ground, and are not able to convey to him an estate in fee to the same.

" It is admitted that the plaintiffs' deed tendered to the defendant was otherwise good and sufficient,'if under and by virtue of the deed of conveyance from the said Jehu P. Smith and wife to the said Margaret E. Aiken, the plaintiffs are seised of an alienable estate in said lot of ground, and are able to convey any title thereto (at this time) to the defendant. This action is to recover the unpaid balance of the purchase money, payable by the terms of said agreement.

" Judgment is to be entered for the plaintiffs against the defendant, for the sum of four thousand dollars, with stay of execution, . . . with costs of suit, if, upon the facts as herein stated, the court should be of the opinion that the plaintiffs are seised of an alienable estate in said lot of ground, and can now convey to the defendant an estate in fee, in and to the same; otherwise judgment is to be entered for the defendant with costs.    Each of the said parties to have the right to sue out a writ of error to the Supreme Court."

The court entered judgment on the case stated in favor of plaintiffs and against defendants, for $4,000, with stay of execution, as agreed upon.

. The defendant took this writ of error, assigning for error the said judgment.

[*Richardson v. Aiken.*]

*Wm. L. Chalfant* (*George R. Lawrence* with him), for the plaintiff in error.—There can be, no doubt, that prior to the Married Woman's Act of 1848, a deed in the words of this deed would have conveyed to a feme covert a sole and separate estate in equity: Bispham's Equity, § 100 ; Gilbert *v.* Lewis, 1 De G. J. & Sm. 38 ; Lewis *v.* Mathews, L. R. 2 Eq. 177 ; Massey *v.* Rowen, L. R. 4 H. L. Cas. 288. That Act does not apply where the words would have created, prior to its passage, a sole and separate estate in equity. Since that Act, the equitable estate has often been referred to as a married woman's " separate " estate : Todd's Appeal, 12 Har. 431 ; Wright *v.* Brown, 8 Wr. 238 ; Twining's Appeal, 1 Out. 41. The question is, what estate was conveyed by the deed ? Not whether the grantor ought, under the circumstances, to have conveyed a fee simple.

*J. Ludewig Koethen,* for the defendants in error.—The deed was in no sense a settlement by a father on his daughter, and the recital as to the consideration being in part natural love and affection will not make it so. The real consideration was payment of the father's debt as guardian, and he had no right to restrict the conveyance. If the words used have that effect, equity will reform the deed. But we contend they do not have that effect, but convey a separate estate at law under the Act of 1848. There is no creation of any trust, or disposition of any remainder, and no intention expressed or implied to create a technical equitable estate. In many cases, words stronger than these have been held to convey a fee simple : Heath *v.* Knapp, 4 Barr 228 ; Krause *v.* Beitlel, 3 Rawle 199 ; Torbert *v.* Twining, 1 Yeates 432 ; Morrison *v.* Dollar Savings Bank, 36 Leg. Int. 215 ; Todd's Appeal, 12 Har. 429 ; Ringe *v.* Kellner, 3 Out. 460 ; 2 Story Eq. § 1383.

Mr. Justice Paxson delivered the opinion of the court, January 7th 1884.

The only question presented by this record is whether the deed from John P. Smith to his daughter Margaret, created a sole and separate use for the said Margaret. The conveyance is to the said Margaret, her heirs and assigns, " as the separate estate of the said Margaret." The same expression occurs in the habendum clause of the deed, which is as follows : " To have and to hold the said land . . . . unto the said party of the second part, her heirs and assigns, for the only proper use and behoof of the said party of the second part, her heirs and assigns forever, as the separate estate of said Margaret E. Aiken."

An estate limited to a feme covert for her sole and separate use has always been known as, and entitled her separate estate.

[Richardson *v.* Aiken.]

The word "separate" in this connection has a technical meaning: Bispham's Equity § 100. In Todd's Appeal, 12 Harris 429, it was said : "That expression always refers to an equitable estate held by somebody in trust for a married woman." In Penn'a Co. for Ins. on Lives *v.* Foster, 11 Casey 134, it was held that the Act of 1848 created a separate legal estate as distinguished from a separate equitable estate, and that the Act does not enable a married woman to dispose of property held by a trustee for her separate use. This conveyance was not to a trustee, but directly to Mrs. Aiken. This, however, is not material, for it was held in Wright *v.* Brown, 8 Wright 224, that the wife's interest is the same whether the gift is to her directly or to a trustee for her. We are, however, relieved of the discussion of the question whether if this had been a settlement by the grantor upon his daughter, the words in the deed would have created a sole and separate use. This was not in any sense a settlement. The grantor was the guardian of his daughter, and the conveyance shows upon its face that it was in consideration of the ward's money in his hands. Under such circumstances it was not in the power of the grantor to impose a separate use trust upon the grant, or any clog upon it whatever, without his daughter's consent. She was a purchaser for value. It is true, the additional consideration of "natural love and affection" is mentioned in the deed, but this is of no importance, as the case stated does not show that the property was worth a dollar more than the money consideration named. The case was argued upon the theory that the property was worth considerably more than the $1,300, specified as the indebtedness of the grantor to his ward. This, however, is outside of the record, and we cannot regard it.

Even if the intention had been clear, which it is not, to confine the grantor to a life estate, and bar her husband's marital rights in the property, we are of opinion it was beyond the power of the grantor. There is nothing upon the record to show Mrs. Aiken's consent to such an arrangement. On the contrary, the agreement of herself and husband to convey the land to the plaintiff in error in fee is conclusive that she declines to be bound by the restriction.

We are of opinion that the defendants in error have a good marketable title to the land which they can convey to the plaintiff in error in fee, and the judgment therefore is

Affirmed.